# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **1:25-CR-00370-RP** |
| | § | |
| **DELILAH S. AMAYA** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
   **UNITED STATES DISTRICT JUDGE**

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision recommending that the Court revoke Defendant's term of supervised release, filed September 16, 2025 ("Petition") (Dkt. 3). This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I.    Procedural Background

Defendant pled guilty to Bank Fraud, in violation of 18 U.S.C. § 1344, in the United States District Court for the Eastern District of Virginia. Dkt. 1-1. On December 6, 2024, Defendant was sentenced to one day imprisonment followed by two years of supervised release. *Id*. Jurisdiction was transferred to this Court on August 11, 2025. *Id.*

Defendant's term of supervised release began on December 6, 2024. In the Petition, the Probation Officer alleges that Defendant violated these conditions of her supervised release:

**Violation of Mandatory Condition No. 2:** "You must not unlawfully possess a controlled substance."

1

**Violation of Mandatory Condition No. 3:** "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court."

**Violation of Special Condition No. 4:** "The defendant may not use any illegal drugs and must participate in a program approved by the United States Probation Office for substance abuse testing and treatment, which program may include residential treatment with all costs for testing and treatment waived. The defendant shall waive all rights of confidentiality regarding substance abuse testing and treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider."

**Violation of Special Condition No. 5:** "The defendant shall participate in a mental health evaluation as directed by the United States Probation Office, and if recommended, shall participate in a program of mental health treatment approved by the Probation Office. Cost of the evaluation and treatment program to be paid by the Probation Office. The defendant shall waive all rights of confidentiality regarding mental health evaluation and treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider."

**Nature of Noncompliance:** Defendant submitted urine specimens positive for marijuana on May 28, June 13 and 16, July 18, and August 15, 2025. On September 4, 2025, Defendant signed an admission form for marijuana use. She submitted diluted urine specimens on February 28, March 24, April 1, May 7, July 3, and August 8 and 28, 2025. She failed to report for random urine testing on April 28 and 30, May 5, June 16 and 18, July 16, and August 6, 2025. And she failed to attend her scheduled sessions for co-occurring treatment on May 1 and 15 and August 14 and 26, 2025.

**Violation of Special Condition No. 1:** "The defendant shall pay restitution totaling $8,721.50, due and payable immediately. Any remaining balance on the court-ordered financial obligations shall be paid in equal monthly payments of $100, to commence within 60 days of release, until paid in full."

**Nature of Noncompliance:** Defendant has made no payments toward her restitution and special assessment.

**Violation of Special Condition No. 6:** "The defendant shall obtain a general education diploma or a vocation skill during the defendant's period of supervision."

**Nature of Noncompliance:** Defendant was ordered to obtain a General Education Diploma but failed to follow the Probation Officers instructions to enroll in a GED program on December 17, 2024 and July 8, 2025.

The District Court referred this case to this Magistrate Judge to conduct a hearing to modify, revoke, or terminate defendant's supervised release and to submit proposed findings of fact and conclusions of law for such modification, revocation, or termination, including, in the case of revocation, a recommended disposition under 18 U.S.C. § 3553(e). Defendant waived a preliminary hearing. Dkt. 16. On October 3, 2025, pursuant to 28 U.S.C. § 636(a) and 18 U.S.C. § 3401(i), this Magistrate Judge conducted a final revocation hearing at which Defendant, her attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge. Defendant pled "True" to the violations alleged in the Petition.

## II.    Findings of the Court

1. Defendant violated Mandatory Conditions Nos. 2 and 3 and Special Conditions Nos. 1, 4, 5, and 6 by her conduct as alleged in the Petition.

2. Defendant received a copy of the Petition naming her; read the Petition or had it read to her; understood the Petition and the charges alleged against her; and had the opportunity to discuss the Petition and charges with her attorney.

3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

4. Defendant had both a factual and rational understanding of the proceedings against her.

5. Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against him or the consequences of her plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of her defense.

8.  Defendant understood all of her statutory and constitutional rights and desired to waive those rights.

9.  Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of Mandatory Conditions Nos. 2 and 3 and Special Conditions Nos. 1, 4, 5, and 6 of her supervised release alleged in the Petition.

12. The Court finds that Defendant violated Mandatory Conditions Nos. 2 and 3 and Special Conditions Nos. 1, 4, 5, and 6 of her term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

### III.    <u>Factors Considered</u>

The Court has considered the factors set out in 18 U.S.C. § 3583(e), which makes reference to most of the factors set out in 18 U.S.C. § 3553(a), that is:[1]

a.  the nature and circumstances of the offense, § 3553(a)(1);

b.  the history and characteristics of Defendant, (a)(1);

c.  the need to afford adequate deterrence to criminal conduct, (a)(2)(B);

d.  the need to protect the public, (a)(2)(C);

e.  the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

f.  the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

g.  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and

h.  the need to provide restitution to any victims of the offense, (a)(7).

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

## IV.   <u>Recommendations</u>

The Court has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The Court also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violations are a Grade C and her criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months imprisonment. In considering the required factors, the Court finds most compelling and the need to provide Defendant with needed educational training and medical care.

Despite the many violations of her conditions of release over the past nine months, Defendant has had no further noncompliance since her arrest and release on September 18, 2025. Probation reports that Defendant's attitude toward supervision has improved significantly since she learned that she is pregnant, she has secured an approved residence and full-time employment, and she is now motivated to be successful on supervision.

For these reasons, this Magistrate Judge **RECOMMENDS** that Defendant be **CONTINUED on supervised release** and abide by all conditions imposed by the Court at the sentencing hearing.

## V.   <u>Warnings</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the

Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 6, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE